UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
SHEILA HOO-CHONG,

                  Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     15-CV-4051 (JS)(AKT)

CITIMORTGAGE, INC. and FEIN,
SUCH & CRANE, LLP,

                  Defendants.
--------------------------------X
APPEARANCES
For Plaintiff:        Sheila Hoo-Chong, pro se
                      236 Hudson Avenue
                      Roosevelt, NY 11575


For Defendants:
Citimortage           William Davis Foley, Esq.
                      Joseph N. Froehlich, Esq.
                      Locke Lord, LLP
                      3 World Financial Center
                      New York, NY 10281


Fein, Such
& Crane, LLP          Gregg P. Tabakin, Esq.
                      Fein, Such, Kahn & Shephard, PC
                      7 Century Drive
                      Parsippany, NJ 07054

SEYBERT, District Judge:

        Plaintiff Sheila Hoo-Chong ("Plaintiff") commenced this

action on July 10, 2015 against defendants Citimortgage, Inc.

("Citi") and Fein, Such, & Crane LLP ("FS&C," and together with

Citi, "Defendants") alleging violations of the Fair Debt

Collection Practices Act (the "FDCPA," or the "Act"), the Fair

Credit Reporting Act, New York General Business Law § 349 ("GBL

§ 349"), and a violation of her common law right to privacy.

(Compl. at 6-10.)  Pending before the Court are Defendants' motions to dismiss (Docket Entries 8, 17).  For the reasons that follow FS&C's motion is GRANTED and Citi's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[1]

Plaintiff executed a mortgage with nonparty Precision Financial Corporation ("Precision") on December 28, 2008, and defaulted on the mortgage on June 1, 2012. (Compl. ¶ 5.)  Precision subsequently assigned the mortgage to Citi, however, it is disputed exactly when the assignment took place.  Plaintiff claims that Citi took assignment of the debt on September 21, 2012, after Plaintiff defaulted.  (Compl. ¶ 5.)  An Assignment of Mortgage document dated September 21, 2012 supports Plaintiff's allegation. (See, Mort. Assignment, at 13-14, Compl. Ex. A.)  But Citi contends that the assignment occurred on February 2, 2009--well before Plaintiff defaulted on the mortgage.  In support of its contentions, Citi cites to a letter it claims Plaintiff received on January 14, 2009, which informed Plaintiff that "the servicing of your mortgage loan, including the right to collect payments, is being transferred to [Citi] effective 02/01/09."  (Jan. 14, 2009 Ltr., Geisz Decl., Docket Entry 17-2, Ex. A.)

---

[1] The facts of this case are drawn from the Complaint and are presumed to be true for purposes of this Memorandum and Order.

Following Plaintiff's default, Citi instituted a foreclosure action against Plaintiff in Nassau County Supreme Court under Index No. 010859/2013 (the "Foreclosure Action"). (Compl. ¶ 7.) FS&C served as counsel to Citi in the Foreclosure Action. (Compl. ¶ 7.) On October 18, 2014, Plaintiff served a "Notice of Dispute" on Defendants seeking certain disclosures about the "debt" that she owed to Citi. (Compl. ¶ 8, Ex. B.) However, Plaintiff asserts that Defendants "have failed to validate the alleged debt" pursuant to 15 U.S.C. 1692(g). (Compl. ¶ 17.)

Plaintiff also alleges that Defendants "provided conflicting, and or vague amounts due and owing regarding their alleged debt" and engaged in "harassment, oppression and abuse while attempting to collect [the] debt." (Compl. ¶ 18.)

Defendants both move to dismiss the Complaint. (Docket Entries 8, 17) Citi principally argues that it is not a "debt collector," and therefore cannot be held liable under the FDCPA. (Citi Br., Docket Entry 17-1, at 4.) FS&C argues that Plaintiff has failed to allege any viable FDCPA claims in the Complaint. (FS&C Br., Docket Entry 8-2, at 4.) Both Defendants assert that New York does not recognize a claim for "intrusion upon seclusion." (Citi Br. at 1; FS&C Br. at 12.)

DISCUSSION

The Court will first set forth the applicable legal standards before turning to Defendants' motions more specifically.

I.  Legal Standards

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 12 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 12 S. Ct. at 1949; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679, 12 S. Ct. at 1950. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Furthermore, in deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152

4

F.3d 67, 71 (2d Cir. 1998).  However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir, 1991).

II.  The Fair Debt Collection Practices Act

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e). See also Zweigenhaft v. Receivables Performance Mgmt., LLC, No. 14-CV-1074, 2014 WL 6085912, at *1 (E.D.N.Y. Nov. 13, 2014).  To assert a claim under the FDCPA a plaintiff must allege that: (1) plaintiff was a "consumer"; (2) defendant was a "debt collector"; and (3) defendant's act or omission violated the FDCPA.  Friedman v. Sharinn & Lipshie, P.C., No. 12-CV-3452, 2013 WL 1873302, at *3-4 (E.D.N.Y. Mar. 28, 2013), report and recommendation adopted, 2013 WL 1869924 (E.D.N.Y. May 3, 2013).  The FDCPA is a strict liability statute and a consumer is not required to establish intentional conduct on the part of the debt collector to be awarded damages.  Easterling v. Collecto, Inc., 692 F.3d 229, 234 (2d Cir. 2012).  Here, Plaintiff claims that Defendants violated 15 U.S.C. § 1692g by failing to validate her debt, and by failing to cease

5

collection efforts after Plaintiff sent Defendants' a written notification disputing the debt. (Compl. at 8.)

III. <u>Whether Citi is a Debt Collector under the FDCPA cannot be Resolved Based upon the Record Currently before the Court</u>

Citi argues that it cannot be held liable for violations of the FDCPA because it is not a "debt collector," as defined by the Act. (Citi Br. at 4.) The FDCPA defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). However, the FDCPA exempts from the "debt collector" definition "any person collecting or attempting to collect any debt owed or due . . . another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Thus, mortgage servicers are not "debt collectors" as defined by the FDCPA if they obtained the particular mortgage at issue before the mortgagor defaulted. See <u>Pascal v. JPMorgan Chase Bank, Nat. Ass'n</u>, No. 09-CV-10082, 2013 WL 878588, at *3 (S.D.N.Y. Mar. 11, 2013) ("The FDCPA only covers servicers who obtain a mortgage that is <u>already </u>in default.") (emphasis in original); <u>Muniz v. Bank of Am., N.A.</u>, No. 11-CV-8296, 2012 WL 2878120, at *4 (S.D.N.Y. July 13, 2012) (dismissing an FDCPA claim

6

for failing to allege that a home loan was in default at the time it was acquired by the bank); Franceschi v. Mautner-Glick Corp., 22 F. Supp. 2d 250, 253 (S.D.N.Y. 1998) (explaining that "the FDCPA does not apply to collection efforts by those who obtained the right to payment on the debt before the debt was in default").

In support of its argument that Citi is not a "debt collector," Citi points to the January 14, 2009 letter informing Plaintiff that "the servicing of [her] loan" was transferred to Citi effective February 1, 2009. (See Jan. 14, 2009 Ltr.) However, it would be inappropriate for the Court rely upon Citi's January 2009 letter because it is neither "integral" to the Complaint, nor incorporated into it by reference, and thus exists outside of the pleadings. Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 46 (2d Cir. 1991). In addition, Citi's letter does not conclusively establish that Citi took assignment of the Mortgage from Precision before Plaintiff defaulted because the Assignment of Mortgage is dated September 21, 2012--after Plaintiff defaulted. (See Mort. Assignment.) Thus, Citi has not established that it falls into the exemption for creditors who obtain a debt "which was not in default at the time it was obtained." 15 U.S.C. § 1692a(6)(F)(iii).

IV.  Failure to Plead a Valid Violation of 15 U.S.C. § 1682g

Plaintiff's FDCPA claim must nevertheless be dismissed against both Defendants because she has not pleaded a valid violation of the Act.  Beyond Plaintiff's conclusory allegations regarding "harassment" and providing "conflicting and/or vague amounts due," the only allegation actually supported by facts is Plaintiff's claim that Defendants failed to validate her debt. (Compl. at 8.)  Under § 1692g, [w]ithin five days after the initial communication with [the] consumer" a debt collector must send the consumer a written notice containing specific disclosures about the debt and the debtor's right to dispute its validity.  15 U.S.C. § 1692g.  If the consumer disputes the validity of the debt, in writing, within thirty days after receiving the "initial communication," the debt collector must "cease collection of the debt" until the debt collector verifies the debt and "a copy of such verification . . . is mailed to the consumer by the debt collector."  Id.

Plaintiff alleges that Defendants filing of the foreclosure action in New York State Supreme Court was Defendants' "initial communication," which triggered Plaintiff's right to contest the validity of her debt under § 1692g.  However, the Act itself is explicit that "a formal pleading in a civil action" cannot serve as an 'initial communication' under § 1692g. 15 U.S.C. § 1692g(d); See Lane v. Fein, Such & Crane, LLP, 767 F.

8

Supp. 2d 382, 387 (E.D.N.Y. 2011) (holding that "legal pleadings are not 'initial communications'"); <u>Sebrow v. Fein, Such, Kahn, & Shephard, P.C.</u>, No. 10-CV-0215 JLL, 2010 WL 4553559, at *1-2 (D.N.J. Nov. 1, 2010) ("Defendant's underlying Foreclosure Complaint is a formal pleading and, as such, does not serve as an 'initial communication' triggering the notice requirements of Section 1692g.") Since the filing of Plaintiff's foreclosure action was not an 'initial communication,' Plaintiff has not alleged that she ever received an initial communication from Defendants which would trigger her rights under § 1692g. Therefore, Plaintiffs' FDCPA claim against both Defendants is DISMISSED.

V.  <u>New York Does Not Recognize the Common Law Tort of Intrusion Upon Seclusion</u>

Both Defendants move to dismiss Plaintiff's claim for "invasion of privacy for intrusion upon seclusion." (Citi Br. at 14; FS&C Br. at 12.) Courts have consistently held that there is no common law right to privacy in New York. <u>See</u> <u>Hamlett v. Santander Consumer USA Inc.</u>, 931 F. Supp. 2d 451, 458 (E.D.N.Y. 2013) ("There is no cause of action of intrusion upon seclusion under New York law"); <u>Howell v. N.Y. Post Co.</u>, 81 N.Y.2d 115, 123, 612 N.E.2d 699, 703, 596 N.Y.S.2d 350 (N.Y. 1993) (explaining that in New York "the right to privacy is governed exclusively by sections 50 and 51 of the Civil Rights Law"). Since Plaintiff's

common law privacy claim is not a valid cause of action in New York, it is DISMISSED.

## V.    Plaintiff's Additional Claims are Voluntarily Dismissed

Plaintiff has agreed to withdraw her claims brought pursuant to GBL § 349 and the FCPA. (See Pl.'s Opp. Br., Docket Entry 19, at 19.) Therefore, Plaintiff's additional claims are also DISMISSED.

## VI.   Leave to Amend

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "Nonetheless, courts may deny leave to replead where amendment qualifies as futile." Herbert v. Delta Airlines, No. 12-CV-1250, 2014 WL 4923100, at *5 (E.D.N.Y. Sept. 30, 2014) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). In light of Plaintiff's pro se status, Plaintiff is granted leave to replead her FDCPA claim in an Amended Complaint. Plaintiff must file her Amended Complaint within thirty (30) days of the date of this Memorandum & Order.

CONCLUSION

For the foregoing reasons, FS&C's motion (Docket Entry 8) is GRANTED, Citi's motion (Docket Entry 17) is GRANTED IN PART and DENIED IN PART, and Plaintiff's Complaint is DISMISSED. However, Plaintiff may file an Amended Complaint in an effort to assert viable FDCPA claims within thirty (30) days from the date of this Memorandum & Order.  **If Plaintiff fails to file an Amended Complaint within thirty (30) days, this case will be dismissed with prejudice.**  The Clerk of the Court is directed to mail a copy of this Memorandum & Order to the Plaintiff.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED:    March __7__, 2016
          Central Islip, New York

11