```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHEILA HOO-CHONG,

                    Plaintiff,            MEMORANDUM & ORDER
                                           15-CV-4051(JS)(AKT)
          -against-

CITIMORTGAGE, INC., FEIN, SUCH &
CRANE, LLP,

                    Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiff:      Sheila Hoo-Chong, pro se
                    236 Hudson Avenue
                    Roosevelt, New York 11575

For Defendants:
CitiMortgage,
Inc.                William Davis Foley, Esq.
                    Joseph N. Froehlich, Esq.
                    Locke Lord LLP
                    3 World Financial Center
                    New York, NY 10281

Fein, Such
& Crane LLP         Gregg P. Tabakin, Esq.
                    Fein, Such, Kahn & Shephard, PC
                    7 Century Drive
                    Parsippany, NJ 07054

SEYBERT, District Judge:

This dispute relates to the foreclosure of a residential property in Roosevelt, New York. Plaintiff Sheila Hoo-Chong ("Plaintiff") alleges that Defendants CitiMortgage, Inc. ("Citi") and Fein, Such & Crane LLP ("Fein" and together with Citi, "Defendants") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"). (Am. Compl., Docket Entry 24.)

Currently pending before the Court are Citi and Fein's motions to dismiss for failure to state a claim. (Fein Mot., Docket Entry 25; Citi Mot., Docket Entry 26.) For the following reasons, the motions are GRANTED.

BACKGROUND

I.   Factual Background[1]

The Court assumes familiarity with the facts of this case, which are discussed in the Court's Order dated March 7, 2016. See Hoo-Chong v. Citimortgage, Inc., No. 15-CV-4051, 2016 WL 868814 (E.D.N.Y. Mar. 7, 2016).

Briefly, Plaintiff executed a mortgage note with Precision Financial Corporation ("Precision") on December 28, 2008, and defaulted on June 1, 2012.[2] (Am. Compl. ¶¶ 16, 19.) Although the exact date is disputed, the mortgage was assigned to

---

[1] The following facts are taken from the Amended Complaint and are presumed to be true for the purposes of this Memorandum and Order. Where necessary, the Court has also incorporated facts from the original Complaint (Compl., Docket Entry 1). Additionally, for purposes of this Memorandum and Order, the Court assumes that Plaintiff is a consumer and Defendants are debt collectors within the meaning of the statute. (See Am. Compl. ¶¶ 1-2.)

[2] Plaintiff appears to dispute that the transaction was a mortgage. (Am. Compl. ¶ 16-17.) However, it is clear from the prior proceedings and Plaintiff's original Complaint that the obligation was a mortgage. (See Assignment, Compl. Ex. A, Docket Entry 1 at 13-14, at 14.)

Citi.[3] (Am. Compl. ¶ 19.) Thereafter, Fein initiated a foreclosure action in New York State Supreme Court, Nassau County on Citi's behalf (the "Foreclosure Action"). (Compl. ¶ 7.) On October 18, 2014, Plaintiff sent Defendants a Notice of Dispute demanding that they validate the debt and verify it with the original creditor. (Compl. ¶ 8; Notice of Dispute, Compl. Ex. B, Docket Entry 1 at 15-16, at 16.) Plaintiff alleges that she did not receive any response. (Am. Compl. ¶¶ 21-24, 30.)

Plaintiff appears to allege that Citi violated 15 U.S.C. §§ 1692c, 1692g and 1692j.[4] (See Am. Compl. ¶¶ 19-20.) First, Plaintiff alleges that the assignment was an initial communication that triggered Citi's obligations under section 1692g. (Am. Compl. ¶ 19.) Specifically, Plaintiff alleges that Citi failed to respond to the Notice of Dispute and continued to attempt to collect the debt despite her request for verification. (Am. Compl. ¶¶ 21-22.) Second, Plaintiff alleges that Citi failed to "obtain permission from a court of competent jurisdiction prior to communicating with the consumer publicly." (Am. Compl. ¶ 19.) Third, Plaintiff

---

[3] Plaintiff alleges that the mortgage was assigned on September 21, 2012 based on an Assignment of Mortgage bearing that date. (Am. Compl. 19; Assignment at 14.) Citi previously argued that the assignment occurred on February 2, 2009. Hoo-Chong, 2016 WL 868814, at *1.

[4] When a plaintiff is proceeding pro se, the Court "is required to read the complaint liberally and interpret it as raising the strongest argument it suggests." Brooks v. N.Y.C. DOC Comm'r, No. 14-CV-6283, 2016 WL 4530456, at *2 (E.D.N.Y. Aug. 29, 2016).

3

alleges that certain documents drafted by Citi created "a false belief that . . . a person other than the creditor (alleged) is so participating in the collection action." (Am. Compl. ¶ 20.)

Plaintiff appears to allege that Fein violated 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692f, and 1692g. (See Am. Compl. ¶¶ 30-33.) First, Plaintiff alleges that the Foreclosure Action did not comply with certain procedural rules and constituted "harassment of the consumer." (Am. Compl. ¶¶ 30-33.) Second, Plaintiff alleges that Fein disregarded her rights under the FDCPA. (Am. Compl. ¶ 31.) Third, Plaintiff claims that Fein failed to respond to the Notice of Dispute. (Am. Compl. ¶ 30.)

Plaintiff seeks actual damages of $2,000,000 for "emotional [damages], . . . depression, insomnia, stress, embarrassment, deprivation, loss of appetite, decreased sensitivity, migraines, worry and other spiritual deteriorations." (Am. Compl. ¶ 39.) She also seeks costs and fees of $100,000 and statutory damages of $1,000. (Am. Compl. at 14.)

II. Procedural History

Plaintiff commenced this action on July 10, 2015. (Compl.) The Complaint alleged that Defendants violated the FDCPA, the Fair Credit Reporting Act ("FCRA"), New York General Business Law § 349 ("GBL"), and Plaintiff's right to privacy. (Compl. ¶¶ 15-39.) Defendants moved to dismiss the Complaint for failure

4

to state a claim. (First Fein Mot., Docket Entry 8; First Citi Mot., Docket Entry 17.)

On March 7, 2016, the Court granted Defendants' motions to dismiss. Hoo-Chong, 2016 WL 868814, at *4. The Court denied Citi's motion on the grounds that it was exempt from the FDCPA, but ultimately dismissed Plaintiff's FDCPA claims because she failed to allege that she received an initial communication from Defendants that triggered their obligations under the statute. Id. at *2-4. Further, the Court noted that Plaintiff's allegations were conclusory and that some were not supported by facts. Id. at *3. The Court concluded by granting Plaintiff leave to amend to assert viable FDCPA claims.[5] Id. at *4.

Plaintiff filed the Amended Complaint on April 5, 2016. Fein filed its motion to dismiss on April 18, 2016, and Citi filed its motion on April 19, 2016. (See, Fein Mot.; Citi Mot.) On May 13, 2016, Plaintiff opposed Fein's motion. (Pl.'s Opp., Docket Entry 27.) Fein filed its reply on May 23, 2016.[6] (Fein Reply, Docket Entry 28.)

---

[5] The Court also dismissed the invasion of privacy claim, and because Plaintiff agreed to withdraw her FCRA and GBL claims, the Court dismissed those claims as well. Hoo-Chong, 2016 WL 868814, at *4.

[6] Plaintiff also filed a Sur-reply to Fein's motion on June 3, 2016. (Pl.'s Sur-reply, Docket Entry 29.) Because Plaintiff did not request permission to file a Sur-reply, the Court will not consider it.

III. Defendants' Motions

Fein argues that the Amended Complaint should be dismissed because the allegations are insufficient to state an FDCPA claim under the applicable pleading standards. (Fein Br., Docket Entry 25-1, at 1.) Fein also contends that the Court should disregard many of Plaintiff's allegations as legal conclusions. (Fein Br. at 5.) Further, Fein argues that Plaintiff failed to adequately allege a violation of section 1692g and that her remaining allegations--including that Fein communicated with Citi without her consent and that Fein filed an illegal foreclosure action--are not supported by any facts. (Fein Br. at 8-9.)

Citi also argues that the Amended Complaint does not state an FDCPA claim. (Citi Br., Docket Entry 26-1, at 4.) Citi maintains that the Amended Complaint consists of conclusory allegations and "is largely deficient of any facts." (Citi Br. at 4.) Moreover, Citi claims that "where Plaintiff actually pleads some facts, it become obvious that her claim is untimely and does not comply with the terms of the FDCPA." (Citi Br. at 4.) Citi also argues that Plaintiff has not sufficiently alleged the elements of a section 1692g claim. (Citi Br. at 5-7.)

DISCUSSION

I. Legal Standard

Rule 12(b)(6) provides that dismissal is appropriate if the complaint fails "to state a claim upon which relief can be

6

granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although the Court must accept all allegations in the Amended Complaint as true, this tenet is "inapplicable to legal conclusions." Id. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Ultimately, the Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679, 129 S. Ct. at 1950.

A complaint filed by a pro se litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). See also Hiller v. Farmington Police Dep't, No. 12-CV-1139, 2015 WL 4619624, at *7 (D. Conn. July 31, 2015) (noting that the dismissal of a pro se complaint pursuant to Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that

7

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal quotation marks and citation omitted). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in Federal Rule of Civil Procedure 8. Hiller, 2015 WL 4619624, at *7.

In deciding a motion to dismiss, the Court is generally confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, the Court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal quotation marks and citation omitted); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (observing that a document is "integral" if the complaint "relies heavily upon its terms and effect") (internal quotation marks and citation omitted).

## II. The Fair Debt Collection Practices Act

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001); see also 15 U.S.C. § 1692(e) (describing that

8

the purpose of the statute is "to eliminate abusive debt collection practices"). To assert a claim under the FDCPA, Plaintiff must satisfy three threshold requirements: (1) she was a "consumer"; (2) Defendants were "debt collector[s]"; and (3) Defendants' act or omission violated the FDCPA. See Polanco v. NCO Portfolio Mgmt., Inc., 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (internal quotation marks and citation omitted).

Plaintiff appears to allege that Defendants' conduct violated sections 1692c, 1692d, 1692e, 1692f, 1692g, and 1692j of the FDCPA.

Section 1692c sets forth specific guidelines regarding when and how debt collectors can contact consumers. Unless the consumer consents, debt collectors are prohibited from contacting consumers at certain times, contacting consumers who are represented by an attorney, contacting consumers at their place of employment, and contacting third parties about a consumer's debt. 15 U.S.C. § 1692c(a)-(b). If a consumer notifies the debt collector in writing that she refuses to pay the debt, or that she wishes communication regarding the debt to cease, the debt collector is required to cease communication except in certain narrow circumstances. 15 U.S.C. § 1692c(c).

Section 1692d prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of

9

a debt." 15 U.S.C. § 1692d. Sections 1692e and 1692f prohibit the use of "false, deceptive, or misleading representation[s]" or "unfair or unconscionable means" to collect a debt. 15 U.S.C. §§ 1692e, 1692f.

Section 1692g requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice," known as a validation notice. 15 U.S.C. § 1692g(a). The notice is required to contain certain information, including "the amount of the debt," "the name of the creditor to whom the debt is owed," and a series of statements outlining the dispute procedures. 15 U.S.C. § 1692g(a); see also Douyon v. N.Y. Med. Health Care, P.C., 894 F. Supp. 2d 245, 255 (E.D.N.Y. 2012), amended on reconsideration, No. 10-CV-3983, 2013 WL 5423800 (E.D.N.Y. Sept. 25, 2013). Notably, the provision states that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector." 15 U.S.C. § 1692g(a)(3). If the consumer disputes the debt in writing within the thirty-day period, the debt collector is prohibited from engaging in collection activities until a verification of the debt, a copy of the judgment, or the identity of the original creditor is provided to the consumer. 15 U.S.C. § 1692g(b).

Finally, section 1692j states that it is "unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 15 U.S.C. § 1692j.

III. Application

Initially, the Amended Complaint fails to state a claim for a violation of section 1692g. Plaintiff has not alleged that she received an initial communication that triggered Defendants' obligations under this section. See § 1692g. As this Court previously held, the Foreclosure Action cannot serve as an initial communication. See Hoo-Chong, 2016 WL 868814, at *4. Similarly, the assignment does not qualify as an initial communication. See, e.g., Antoine v. CitiMortgage, Inc., No. 15-CV-5309, 2017 WL 1133354, at *4 (E.D.N.Y. Mar. 24, 2017). Neither the assignment itself nor the recording of the assignment constitute an "initial communication with a consumer in connection with collection of any debt." See § 1692g.

Additionally, Plaintiff makes a series of conclusory and vague allegations concerning violations of sections 1692c, 1692e, 1692d, 1692f and 1692j. The Court finds that Plaintiff's allegations are insufficient to state a plausible FDCPA claim.

11

For example, she refers to "deceptive acts" and "misrepresentations" but fails to plead any specific facts to support those allegations. (Am. Compl. ¶¶ 30-31.) Plaintiff alleges that a document drafted by Citi violated section 1692j but does not specify the nature of the document or that Citi knew the document would be used to "create [a] false belief" that a third-party was involved in the collection efforts. (Am. Compl. ¶ 20.) Further, Plaintiff alleges that Citi did not obtain permission before communicating with her publicly, but fails to allege that Citi or Fein communicated with her in a manner prohibited by section 1692c, or that they continued to contact her after she requested that they cease communications. (Am. Compl. ¶ 19.) Accordingly, Defendants' motions to dismiss the Amended Complaint are GRANTED.

IV. Leave to Amend

The Second Circuit has held that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999), overruled on other grounds, Gonzaga v. Doe, 536 U.S. 273, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002). See also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might

12

be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012).  Further, "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993).

Plaintiff was previously granted leave to amend in order to plead viable FDCPA claims.  However, the Amended Complaint suffers from the same defects.  In its discretion, the Court finds that further amendments would be unproductive and DENIES leave to amend.

## CONCLUSION

For the foregoing reasons, Fein's motion to dismiss (Docket Entry 25) is GRANTED, Citi's motion to dismiss (Docket Entry 26) is GRANTED, and the Amended Complaint is DISMISSED WITH PREJUDICE.  The Clerk of the Court is directed to enter judgment accordingly and mark the case CLOSED.  The Clerk of the Court is further directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March  31 , 2017
         Central Islip, New York